ACCEPTED
03-14-00090-CR
3806155
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/16/2015 5:00:42 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00090-CR

# In the Court of Appeals for the Third Supreme Judicial District of Texas at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/16/2015 5:00:42 PM
JEFFREY D. KYLE
Clerk

---

No. D-1-DC-10-100006

In the District Court for the 299th
Judicial District, Travis County, Texas

---

PAUL MARTIN AHERN, APPELLANT
V.
STATE OF TEXAS, APPELLEE

---

**APPELLANT'S REPLY BRIEF**

---

**Oral Argument Requested**

.

DAVID GONZALEZ
State Bar No. 24012711

KRISTIN ETTER
State Bar No. 24038884

SUMPTER & GONZÁLEZ, L.L.P
206 East 9th Street, Ste. 1511
Austin, Texas 78701
Tel.: (512) 381-9955
Fax: (512) 485-3121

ATTORNEYS FOR APPELLANT

# TABLE OF CONTENTS

PARTIES TO TRIAL COURT'S FINAL JUDGMENT ........................................... 4

INDEX OF AUTHORITIES ................................................................. 3

INTRODUCTION ......................................................................... 5

ARGUMENT ............................................................................. 8

The uploading of two images of child pornography over a fifteen month period does not qualify as "ongoing criminal activity" nor does that assertion, without more, support an assumption that Mr. Ahern was a "collector" of child pornography ........................................................................... 8

A.    Two images of child pornography over a fifteen month period is not evidence of "ongoing or continuous criminal activity" ........................... 10

B.    Two uploads of child pornography with nothing more is not evidence that Mr. Ahern was a "collector" of child pornography ...................... 12

CONCLUSION .......................................................................... 13

PRAYER .............................................................................. 14

**Appellant's Reply Brief – Page 2**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

# INDEX OF AUTHORITIES

## CASES

### TEXAS

#### COURT OF CRIMINAL APPEALS

*Wise v. State*, 364 S.W.3d 900, (Tex.Crim.App. 2012) ........................................ 8

#### THIRD COURT OF APPEALS

*Kennedy v. State*, 338 S.W.3d 84, (Tex.App.-Austin 2011, no pet.) ............,........ 11

*Taylor v. State*, 54 S.W.3d 21 (Tex.App.-Amarillo 2001) .................................. 14

### FEDERAL

#### CIRCUIT COURTS

*United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2006) ........................................ 6

*United States v. Harvey*, 2 F.3d 1318 (3rd Cir.1993) ............................................ 12

*United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997) ............................................ 11

*United States v. Newsome*, 402 F.3d 780 (7th Cir. 2005) ...................................... 12

*United States v. Pitts*, 6 F.3d 1366 (9th Cir. 1993) ................................................ 7

*United States v. Wagner*, 989 F.2d 69 (2nd Cir. 1993) ........................................ 11

#### DISTRICT COURTS

*United States v. Coon*, 2011 WL 1871165 (W.D.N.Y.2011) .......................... 7,11

*United States v. Greathouse*, 297 F. Supp. 2nd 1264 (D. Or. 2003) .................. 7,10

Appellant's Reply Brief – Page 3
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

# PARTIES TO TRIAL COURT'S FINAL JUDGMENT

In accordance with Tex.R.App.Proc. 38.1(a), Appellant certifies that the following is a complete list of the parties and their counsel:

(a) the State of Texas represented by:

      Mary Ann Farrington – trial attorney
      Travis County District Attorney's Office
      PO Box 1748
      Austin, TX  78767

      Rosa Theofanis – appellate attorney
      Travis County District Attorney's Office
      PO Box 1748
      Austin, TX  78767

      Scott Taliaferro – appellate attorney
      Travis County District Attorney's Office
      PO Box 1748
      Austin, TX  78767

(b) Mr. Paul Martin Ahern, represented by:

      David Gonzalez – trial and appellate attorney
      State Bar No. 24012711
      Sumpter & González, L.L.P.
      206 East 9th Street, Suite 1511
      Austin, Texas 78701

      Kristin Etter – trial and appellate attorney
      State Bar No. 24038884
      Sumpter & González, L.L.P.
      206 East 9th Street, Suite 1511
      Austin, Texas 78701

**Appellant's Reply Brief – Page 4**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

**TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:**

COMES NOW, Paul Martin Ahern, Appellant in this cause, by and through his Attorneys of record, David Gonzalez and Kristin Etter, and, pursuant to the provisions of Tex.R.App.Pro. 38, *et seq.,* files this Appellant's Reply Brief on original appeal.

## INTRODUCTION

The nature of this case follows the path of how outliers in society test the principles of Constitutional law. Members of white supremacist groups may communicate their racist beliefs under the protection of the First Amendment. Murderers may rely upon the Fifth Amendment to invoke their right to remain silent when confronted in a hostile interrogation. Even citizens and noncitizens retain their Sixth Amendment right to counsel when there is overwhelming evidence that they committed a terrorist act against this country.

And people who use their computer to look at naked people – including child erotica – retain a Fourth Amendment protection of their right to privacy absent probable cause they currently possess child pornography.

It has been proposed that "[s]ex with children is so disgusting to most of us that we may be too liberal in allowing searches when the government investigates child pornography cases. The privacy of people's computers is too important to let

Appellant's Reply Brief – Page 5
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

it be eroded by sexual disgust." *United States v. Gourde,* 440 F.3d 1065, 1078 (9th Cir. 2006) (Kleinfeld, J. dissenting). "In this age of increasing government surveillance, lawful and unlawful, and of the retention of all our deeds and thoughts on computers long after we may believe they have been removed, it is important that courts not grow lax in their duty to protect our right to privacy and that they remain vigilant against efforts to weaken our Fourth Amendment protections. It is easy for courts to lose sight of these objectives when the government seeks to obtain evidence of child pornography . . ." *United States v. Gourde,* 440 F.3d 1065, 1074 (9th Cir. 2006) (Reinhardt, J., dissenting).

These spirited and principled dissenting opinions do not embrace the objectionable and offensive nature of child pornography. Rather, the opinions express significant concerns in our cognitive bias that we bend the rules in order to refuse protection to materials that we find disgusting and abhorrent. Regretfully, many courts have taken a more lax approach to the staleness doctrine in the context of child pornography cases. Even so, sufficient evidence or probable cause must *still* be alleged in the search warrant. Probable cause to believe that a suspect has committed a crime is not by itself adequate to obtain a search warrant for a suspect's home and claims of staleness must still be evaluated "in light of the

Appellant's Reply Brief – Page 6
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

particular facts of the case and the nature of the criminal activity and property sought." *United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir. 1993).

The State concedes the search warrant "affidavit included positive verification of only *two* of the reported child pornographic images as being child pornography" *over a fifteen month period.* STATE'S BRIEF at 20 (emphasis added). However, in an attempt to bolster its position that the search warrant was not stale, the government mischaracterizes — inadvertently or not — a central issue in this case: that "the suspected child pornographic images that were uploaded based on the 'Cybertips' were far greater in number" and that the affidavit stated that "appellant's account was implicated in three formal complaints for uploading *hundreds* of child pornographic images." STATE'S BRIEF at 20-22 (emphasis added). Those statements are false and inaccurate. Nothing in the affidavit supports these assertions. There is simply no basis, in law or in fact, for the State's mischaracterizations.

As a consequence, because the State's entire argument rests on the faulty assumption that there were hundreds of images of child pornography referenced in the affidavit, all of its arguments and the attempts to distinguish Mr. Ahern's supporting caselaw such as *Coon* and *Greathouse* are unfounded and misguided. Because the search warrant affidavit only identifies two images of child

**Appellant's Reply Brief – Page 7**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

pornography that were uploaded over a fifteen month period prior to the search warrant application, the search warrant was stale and thus not supported by probable cause.

## ARGUMENT

**The uploading of two images of child pornography over a fifteen month period does not qualify as "ongoing criminal activity" nor does that assertion, without more, support an assumption that Mr. Ahern was a "collector" of child pornography.**

The State argues the search warrant affidavit was based upon Sgt. Padron receiving information that on November 16, 2008 and December 29, 2008 a Flickr.com subscriber "had uploaded *181 images of child pornography* (emphasis added)." STATE'S BRIEF, at 18. That is a misquote of the affidavit. The correct quotation is that on November 16, 2008 and on December 29, 2008 a Flicker.com subscriber had uploaded "181 images *that contained* child pornography" R.R. VI, 11 (emphasis added). Then on March 27, 2009, a Flicker.com subscriber again uploaded 70 images "*that contained* child pornography." R.R. VI, 12 (emphasis added).

At first glance this appears to be a semantic difference. It is not. In the affidavit, after personally viewing presumably all of the images, Sgt. Padron confirmed that there were only two images of child pornography out of the two hundred fifty one images. This is a crucial distinction. While possession of child

Appellant's Reply Brief – Page 8
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

pornography is obviously illegal, possession of adult pornography or child erotica is not.[1]

Thus, while the search warrant affidavit references the uploading of 181 images and 70 images on those three separate dates, in analyzing the sufficiency of the search warrant affidavit, there were only two confirmed images of child pornography, "img92.jpg" and "img154.jpg," out of two hundred fifty one total images. R.R. VI, 17-18. This is notable because that means that only .008% of the images that Mr. Ahern was accused of uploading were verifiable images of child pornography, a factor which weighs against any finding that Mr. Ahern was a "collector" of child pornography. This significant distinction, as to whether the affidavit stated there were hundreds of images of child pornography or only two images, is critical when analyzing the four corners of the affidavit to determine whether Mr. Ahern was in fact involved in ongoing criminal activity and whether he meets a "collector" profile.

---

[1] Child erotica has been described as a "picture of a child either clothed or nude" that is not illegal. *Wise v. State*, 364 S.W.3d 900, 907 FN6 (Tex.Crim.App. 2012). The further issue – whether or not images of child erotica would give rise to probable cause to search for child pornography – raises both First Amendment and Fourth Amendment concerns that were not raised in the search warrant affidavit. Could the state obtain a search warrant based upon an internet search history where a user was looking for "teen pornography" on the basis that it may also include child pornography? Are all pictures of naked children subject to an analysis about whether there would be probable cause to search for lewd pictures of naked children? Had the Detective alleged that the presence of child erotica is probable cause for child pornography, the magistrate could have conducted a different analysis. In the case at bar, appellant argues that the semantics used provide a false impression that Mr. Ahern uploaded hundreds of pictures of child pornography – the same impression the State advances in its brief.

**Appellant's Reply Brief – Page 9**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

A. **Two uploads of child pornography over a fifteen month period with nothing more is not evidence of "ongoing or continuous criminal activity."**

In *Coon*, the warrant was executed eleven months after one known image of child pornography was discovered to have been downloaded from the defendant's computer. *United States v. Coon*, 2011 WL 1871165, *4-5 (W.D.N.Y.). There, the officers took the same steps it did here; namely they verified the IP address, subscriber name, and physical address and conducted a criminal history check. In that case, the court noted that there was no evidence that suggested that the defendant collected or hoarded child pornography and that the one year lapse in time without corroboration made the warrant stale. *Id.* at *3-4.

Likewise, in *United States v. Greathouse*, the showing of probable cause consisted of a download of eight child pornography images and four child pornography videos on one date thirteen months prior to the application of the search warrant court. *United States v. Greathouse*, 297 F.Supp.2d 1264, 1273 (D.Or.2003). There, in finding that the "thirteen month delay in this case is simply too long," the court stated that "[i]f a line must be drawn in internet child pornography cases, I find that the line is *one year absent evidence of ongoing or continuous criminal activity* (emphasis added)." *Id.*

**Appellant's Reply Brief – Page 10**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

Here, Mr. Ahern was identified as the account holder in December of 2008 (after suspicious uploads occurred November 16, 2008 and December 29, 2008) and the last suspicious upload occurred in March 2009 (though it is unclear which of the three dates produced the two images) yet the application of the search warrant did not occur until February 11, 2010. There was no further criminal activity after March 2009 and no further investigation to "freshen up" the stale evidence. This is critical because the rationale behind the stale concept in search warrant affidavits is that the facts must be sufficiently close in time to the issuance of the warrant and the search so that probable cause can be said to exist at the time of the search – not as of sometime in the past. *See United States v. Wagner,* 989 F.2d 69, 75 (2d Cir. 1993) (holding that six week delay between drug purchase and search warrant affidavit was stale).

In fact, similar to *Coon,* the only "investigation" that occurred in the almost fifteen month period was a verification of the IP address, subscriber name, and physical address, a criminal history check, and a drive by Mr. Ahern's home. Unlike other cases relied on by the government there was no evidence of "activity of a protracted and continuous nature, i.e., a course of conduct." *Kennedy v. State,* 338 S.W.3d at 93 (Tex.App.-Austin 2011, no pet.); *see also, United States v. Lacy,* 119 F.3d 742, 746 (9th Cir. 1997) (defendant contacted child pornography bulletin

Appellant's Reply Brief – Page 11
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

board system sixteen times and downloaded six images of child pornography);

*United States v. Harvey*, 2 F.3d 1318, 1322-23 (3d Cir. 1993) (evidence defendant possessed child pornography 13-15 months previously not stale where supported by evidence of additional mailings within two months of warrant's execution);

*United States v. Newsome*, 402 F.3d 780, 783 (7th Cir. 2005) (where police did not base the search warrant on the year-old pornographic images alone but also relied on the recent discovery by the defendant's girlfriend of a pornographic tape of her minor daughter).

**B.    Two images of child pornography with nothing more is not evidence that Mr. Ahern was a "collector" of child pornography.**

The State tries to further justify its position that there was sufficient evidence in the search warrant affidavit to warrant a finding that Mr. Ahern was a child pornography "collector" based on its continued erroneous position that "scores of images had been reported to be uploaded over a four month period of time in three separate uploads." STATE'S BRIEF at 52-53.   However, per the affidavit, Mr. Ahern didn't upload "scores of images," he uploaded two.   In no other context would possession of two items qualify someone as a collector.   The uploading of two images of child pornography without any further evidence is not under any stretch of the caselaw sufficient to place Mr. Ahern under the child pornography "collector" profile."   Unlike other cases, there was no evidence of

Appellant's Reply Brief – Page 12
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

visiting other child pornography websites; nothing to suggest that he was a pedophile or that he was engaged in any ongoing criminal conduct. The fact is that there was no other indicia of continued criminal activity whatsoever that would qualify Mr. Ahern as a child pornography "collector." *See United States v. Greathouse,* 297 F.Spp.2d 1264 (D.Ore. 2003) (finding that a tip that the suspect's computer one year earlier contained child pornography was stale, and thus did not provide probable cause for search warrant for seizure of the computer, despite investigating officer's affidavit stating child pornography collectors routinely maintained their materials for long periods of time, where the officer did not specify the basis for his statement, and there was no evidence that the defendant was a pedophile or that he engaged in any ongoing criminal activity).

## CONCLUSION

In conclusion, contrary to the State's assertion, the affidavit does not contain a fair probability of finding child pornography at Mr. Ahern's home arising from the facts that governmental authorities had information that 1) two images depicting child pornography were uploaded by a Flickr.com subscriber under Mr. Ahern's account fifteen months prior to the search warrant application; 2) Mr. Ahern's address listed under the Flickr.com account was 3904 Avenue G, Austin Texas 78751; and 3) Mr. Ahern did in fact live at 3904 Avenue G, Austin Texas

Appellant's Reply Brief – Page 13
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

78751. "More is needed before the sanctity of one's home can be invaded by the government; it is not enough to simply conclude that contraband is in one's home merely because the suspect has a home." *Taylor v. State*, 54 S.W.3d 21, 27 (Tex.App.-Amarillo 2001).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant respectfully prays that this Honorable Court sustain his points of error, reverse the order of the trial court denying Appellant's Motion to Suppress Evidence, and order that all evidence seized as a result of the illegal seizure and search be suppressed.

Respectfully submitted,

**SUMPTER & GONZÁLEZ, L.L.P.**
206 E. 9th Street, Ste. 1511
Austin, Texas 78701
Telephone: (512) 381-9955
Facsimile: (512) 485-3121

By: _____/S/____*Kristin Etter*_____
Kristin Etter
State Bar No. 24038884
kristin@sg-llp.com

By:_____/S/____*David Gonzalez*_____
David Gonzalez
State Bar No. 24012711
david@sg-llp.com

**Appellant's Reply Brief – Page 14**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was generated by a computer using

Microsoft Word which indicates that the word count of this document is 2,860 per

Tex. R.App. P. 9.4(i).

/s/    *David Gonzalez*

David Gonzalez

**Appellant's Reply Brief – Page 15**
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, a true and correct copy of Appellant's Reply Brief was served on the following attorneys in accordance with the requirement of the Texas Rules of Appellate Procedure via electronic filing or email.

Mary Ann Farrington – trial attorney
Travis County District Attorney
PO Box 1748
Austin, TX 78767

Scott Taliaferro – appellate attorney
Travis County District Attorney
PO Box 1748
Austin, TX 78767

Rosa Theofanis – appellate attorney
Travis County District Attorney
PO Box 1748
Austin, TX 78767

/s/    *David Gonzalez*
David Gonzalez

**Appellant's Reply Brief** – Page 16
*Paul Martin Ahern v. State of Texas*
Appeal No. 03-14-00090-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. D1DC10100006; *in the 299th District Court of Travis County, Texas*